Case 1:08-cv-00230-PLM ECF No. 1, PageID.1 Filed 03/06/08 Page 1 of 6

FILED - GR
March 6, 2008 3:14 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __rmw____ /____ ____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Romy Collier**, ) | |
| ) | |
| Plaintiff, ) | |
| ) Hon. | **1:08-cv-230** |
| v. ) | Paul L Maloney |
| ) | US District Judge |
| **Nelson, Watson & Associates, LLC,** ) | |
| a Massachusetts limited liability company, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**Complaint**

**I.   Introduction**

1.   This is an action for damages and declaratory relief, brought by a consumer against a debt collector in response to the debt collector's abusive, deceptive and/or unfair debt collection practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiffs' state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.   Plaintiff Romy Collier is a natural person residing in Berrien County, Michigan.

1

Ms. Collier is a "consumer" and "person" as the term is defined and used in the FDCPA. Ms. Collier is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA.

4. Defendant Nelson, Watson & Associates, LLC ("Nelson") is a Massachusetts limited liability, doing business at 80 Merrimack Street, Lower Level, Haverhill, Massachusetts 01830. The registered agent for Nelson in Michigan is National Registered Agents Inc., 712 Abbott Road, East Lansing, Michigan 48823. According to its website, www.nelsonwatson.com, "Nelson, Watson & Associates, LLC is a full service collection agency . . . ." Nelson is a "debt collector" as the term is defined and used in the FDCPA. Nelson is a "collection agency" and a "licensee" as these terms are defined and used in the MCPA.

IV. Facts

5. Ms. Collier had one or more credit accounts with Wells Fargo Financial. Ms. Collier became indebted to Wells Fargo Financial. Ms. Collier incurred the debt for personal, family and/or household purposes. Any remaining debt related to Ms. Collier's accounts with Wells Fargo Financial is a "debt" as the term is defined and used in the FDCPA and MCPA.

6. Ms. Collier became unemployed and unable to pay the debt.

7. Ms. Collier disputes the amount of the alleged Wells Fargo Financial debt.

8. Apparently, Wells Fargo Financial hired Nelson to attempt to collect the debt from Ms. Collier. Alternatively, after default the debt was sold to Nelson or to some other entity on whose behalf Nelson began efforts to collect the debt.

9. On or about January 21, 2008, Ms. Collier spoke by telephone with a Nelson employee identified as Nicole Hartford. The Nelson employee stated that she was attempting to collect debts allegedly owed by Ms. Collier in connection with two Wells Fargo Financial

accounts. The Nelson employee stated that Nelson was recording the telephone conversation. In the ensuing conversation, the Nelson employee made the following false representations:

- a) The accounts were looking to be audited out of the office for a legal recall.
- b) Nelson was a "pre-litigation department for Wells Fargo."
- c) Wells Fargo had acquired a network of attorneys to represent it in collecting debts, and the network of attorneys had outsourced the Ms. Collier's accounts to Nelson's pre-litigation department to do all of the pre-litigation work on the accounts.
- d) Nelson was going to make a recommendation on whether to sue Ms. Collier.
- e) Ms. Collier was going to be sued to collect the debts, she was going to be served with a summons, she was going to have to appear in front of a judge, and she would be required to pay court fees, filing fees, and attorney fees by the hour.
- f) A judgment was going to be entered against Ms. Collier.
- g) Nelson had done an asset background check on Ms. Collier.
- h) It would not be in Ms. Collier's interest to have a judgment entered against her because even though the Wells Fargo Financial accounts were not secured by her home, Ms. Collier's home could be taken to satisfy a judgment on the debts.
- i) Nelson was going to make a legal recommendation that Ms. Collier be sued to collect the debts.
- j) The Wells Fargo Financial debts were currently owned by a network of attorneys.
- k) Ms. Collier's wages would be garnished to collect the debts.

10. The unlawful debt collection methods, acts and practices of Nelson and its

employee were willful. Nelson and its employee willfully violated the FDCPA and MCPA.

11. As an actual and proximate result of the acts and omissions of Nelson and its employee, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1 – Fair Debt Collection Practices Act

12. Plaintiff incorporates the foregoing paragraphs by reference.

13. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

   c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

    d)    A declaration that defendant's practices violate the FDCPA; and

    e)    Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

14.    Plaintiff incorporates the foregoing paragraphs by reference.

15.    Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

    a)    Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

    b)    Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, (ii) the legal rights of a creditor or debtor, and (iii) that the nonpayment of a debt will result in the seizure, garnishment, attachment, or sale of the debtor's property; and

    c)    Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

    a)    Actual damages pursuant to M.C.L. § 339.916(2);

    b)    Treble the actual damages pursuant to M.C.L. § 339.916(2);

    c)    Statutory damages pursuant to M.C.L. § 339.916(2); and

    d)    Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: March 6, 2008

_____
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com